SIDNEY J. COHEN, ESQ., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682

Attorneys for Plaintiff
CONNIE ARNOLD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONNIE ARNOLD,

    Plaintiff,

v.

7-ELEVEN, INC.; PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST; and DOES 1-25, Inclusive,

    Defendants.

CASE NO. C07-04390 HRL

Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§54, §54.1, §55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

**DEMAND FOR JURY TRIAL**

Plaintiff CONNIE ARNOLD complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION (§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

1. Plaintiff is a "person with a disability" or "physically handicapped person."[1] Plaintiff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the denial of disabled accessible parking, "paths of travel," entrance, restrooms, counters, signage and related facilities to Plaintiff and other disabled persons at the 7-Eleven store and the common areas of the shopping center of which it is a part at 615 South Rengstorff, Mountain View, California 94040. Plaintiff was denied equal protection of the law and was denied Civil Rights under both California law and federal law. Plaintiff was denied her rights to full and equal access at the 7- Eleven and the common areas of the shopping center because they were not, and are not now, properly accessible to physically disabled persons such as Plaintiff who use wheelchairs. Plaintiff seeks injunctive relief to require Defendants to make the 7-Eleven and common areas accessible to disabled persons in accordance with law and regulation and to ensure that any disabled person who attempts to use the 7-Eleven and common areas will be provided accessible parking, paths of travel, entry, restrooms, counters, signage, and proper accessible facilities. Plaintiff also seeks recovery of damages for her physical injuries and discriminatory experiences as a result of Defendants' failure to provide accessible facilities, and seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

Complaint for Damages and Injunctive Relief    -1-

1  3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*, Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Plaintiff's causes of action arose in said intradistrict.

6. **PARTIES:** Defendants and Does 1-10 Inclusive, are the owners, operators, lessors, lessees and/or franchisors and franchisees of the property and 7-Eleven and surrounding common areas which are the subject of this action. This 7-Eleven and common areas qualifies as a "public accommodation or facility" subject to the requirements of California Health & Safety Code §§19955 et seq. and of California Civil Code §§54, et seq. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs, or additions" subjecting such building and common areas to disabled access requirements per §19959, et. seq. Health & Safety Code.

7. The true names and capacities of Defendants Does 11 through 25, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-25, Inclusive, are and were the owners, operators, lessors,

Complaint for Damages and Injunctive Relief     -2-

lessees and/or franchisors and franchisees of the subject property, 7-Eleven, and common areas at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §19955 et. seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in Mountain View, Santa Clara, Country, State of California.

10. §§19955ff Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include premises such as are the subject of this Complaint. §§19955ff Health & Safety Code also requires that "When sanitary facilities are made available for the public, clients or employees in these stations, centers, or buildings [s] they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" is carried out. On information and belief, Defendants have carried out alterations, structural repairs, or additions to the premises during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the

Complaint for Damages and Injunctive Relief               -3-

incorporated provisions of §4450ff Government Code.

11. Plaintiff requires a wheelchair for mobility. Accompanied by her mother, Plaintiff traveled to the 7-Eleven Store and its shopping center common area in her Van on June 11, 2007. Plaintiff had difficulty parking and exiting her Van because because the "accessible" space had a steep cross slope or slopes which prevented the Van lift from properly deploying and which caused Plaintiff great difficulty in exiting the vehicle in her van lift on the steep cross slope[s].

12. When Plaintiff attempted to proceed to the 7-Eleven for a purchase, she encountered a steep ramp from the sidewalk to the store which caused her significant difficulty. When Plaintiff arrived at the entry door to the 7-Eleven, she had substantial difficulty in gaining entry. In this regard, because the sign on the door said "pull," Plaintiff, in the process of trying to reach the door handle, bumped her foot into the door, which moved it inward. Because the door was heavy, Plaintiff was struggling to open it when another customer provided her assistance in opening the door wide enough for Plaintiff to enter the store. Once inside the store, Plaintiff encountered numerous obstacles in the store paths of travel aisles which prevented her from proceeding in certain areas of the store and greatly hindered her mobility in other areas. When she finally was able to obtain some items and proceeded to the counter to pay, Plaintiff encountered difficulty because of the height of the counter.

13. When Plaintiff arrived at the door to exit the store, she struggled to push the door open and unsuccessfully tried to exit in a hurry so that the door would not either get stuck on or, as it happened, bump her wheelchair. Once outside the store, Plaintiff had such difficulty with the steep ramp and driveway slope that she had to turn around in her wheelchair and go down the ramp and driveway backwards in an effort to avoid falling out of her wheelchair head first. In the process of getting down the ramp and driveway, she had to turn around to see where she was going and, in so doing, hit her foot on the ground which pushed her knee backwards and cracked it on the angled pavement. Because the "accessible' parking space with the steep slope had caused Plaintiff great difficulty in exiting her vehicle, her mother had moved the van to a regular parking place with an empty space next to it. Plaintiff proceeded through the parking lot to her van and was

Complaint for Damages and Injunctive Relief         -4-

able to operate the van lift and enter the vehicle.

14. On information and belief, the property, premises, common area, and 7-Eleven are inaccessible to persons with disabilities in other aspects in violation of Federal and State law, including but not limited to lack of proper accessible parking spaces, signage, and lack of any accessible restroom for persons such as Plaintiff who require the use of wheelchairs.

15. As a result of Plaintiff's encounter as set forth, supra, Plaintiff has been denied full and equal access in violation of her civil rights, all to her physical injury, embarrassment, humiliation, and damages according to proof.

16. The 7-Eleven and common areas above described constitutes a public facility an a public accommodation within the meaning of Health & Safety Code §§19955ff and are facilities to which members of the public are invited. The aforementioned acts and omissions of Defendants and each of them constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including plaintiff. Said acts and omissions are also in violation of provisions of Title 24 of the California Administrative Code. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54(c) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

17. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

18. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and have the effect of wrongfully excluding Plaintiff and other members of the public who are physically

1  disabled wheelchair users from full and equal access to the 7-Eleven and common areas, its public
2  facilities, and its rest rooms. Such acts and omissions are the cause of humiliation and mental and
3  emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and
4  second class citizen and serve to discriminate against her on the sole basis that she is a person with
5  disabilities and requires the use of a wheelchair for movement in public places; Plaintiff is unable,
6  so long as such acts and omissions of Defendants continue, to achieve equal access to and use of
7  this 7-Eleven and common areas. The acts of Defendants have proximately caused and will
8  continue to cause irreparable injury to Plaintiff if not enjoined by this court. Plaintiff, who intends
9  to return to the 7-Eleven and common areas, is deterred from returning until it is brought into
10 compliance with all Federal and State disabled access laws and regulations..

11      19.    **DAMAGES:** As a result of the denial of equal access to the facilities of the 7-
12 Eleven and common areas and due to the acts and omissions of Defendants and each of them in
13 owning, operating, leasing, franchising, constructing, altering, and maintaining the subject facility,
14 Plaintiff suffered a violation of her Civil Rights, including but not limited to rights under §§ 54 and
15 54.1 Civil Code, and suffered physical injury, discomfort and pain, mental and emotional distress,
16 embarrassment and humiliation, all to her damages as hereinafter stated. Defendants' actions and
17 omissions to act constitute discrimination against Plaintiff on the sole basis that she was and is
18 physically disabled and unable, because of the architectural barriers created and/or maintained by
19 the Defendants in violation of the subject laws, to use these public facilities on a full and equal basis
20 as other persons. Plaintiff also seeks trebling of all actual damages, general and special, as provided
21 by §54.3 Civil Code.

22      20.    **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct,
23 Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as provided by
24 statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access
25 for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore
26 seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of §§54.3 and
27 55 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for
28

damages to Plaintiff, but also to force the Defendants to make their 7-Eleven and common areas and its facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure and other applicable law.

21.  Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Plaintiff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55, and other law. Plaintiff further requests that the court award damages pursuant to Civil Code §54.3 and other provisions of law and attorney fees, litigation expenses, and costs pursuant to §19953 Health & Safety Code, Civil Code §55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Plaintiff prays for relief as hereinafter stated:

**SECOND CAUSE OF ACTION:
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42 USC §12101FF**

22.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23.  Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue

Complaint for Damages and Injunctive Relief           -7-

1  those opportunities for which our free society is justifiably famous. . . ."

2       24.    Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b)

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

25.    As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are premises.

26.    Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

27.    Among the specific prohibitions against discrimination were included:

<u>§302(b)(2)(A)(ii)</u>: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

<u>§302(b)(2)(A)(iv)</u>: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

<u>§302(b)(2)(A)(v)</u>: "Where an entity can demonstrate that the removal of a barrier under clause (iv)

Complaint for Damages and Injunctive Relief            -8-

1  is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

28. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 1, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA, as well as per §19959 California Health and Safety Code.

29. On information and belief, as of the date of Plaintiff's encounters at the premises filing of this Complaint, the premises have denied and continue to deny full and equal access to Plaintiff and to other disabled wheelchair users in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against Plaintiff on the basis of her disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

30. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302 and §303. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Defendant's encounters as previously discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

31. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act

Complaint for Damages and Injunctive Relief         -9-

of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the Premises.

Wherefore Plaintiff prays for relief as hereinafter stated:

### PRAYER

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors and/or lessees and franchisors and/or franchisees of the subject 7-Eleven and common areas to modify the above described premises and related facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide proper access to the Premises and other facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award damages to Plaintiff, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: 8/23/07

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By _____
Sidney J. Cohen
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 8/23/07

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

By _____
Sidney J. Cohen
Attorney for Plaintiff