

SCOTT J. FERRELL, Bar No. 202091
JULIE R. TROTTER, Bar No. 209675
RYAN M. McNAMARA, Bar No. 223606
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
jtrotter@calljensen.com
rmcnamara@calljensen.com

Attorneys for Defendant 7-Eleven, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD,<br><br>Plaintiff,<br><br>vs.<br><br>7-ELEVEN, INC.; PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST; and DOES 1-25, Inclusive,<br><br>Defendants. | Case No. C07-04390 HRL<br><br>**ANSWER TO COMPLAINT BY DEFENDANT 7-ELEVEN, INC.**<br><br>**DEMAND FOR JURY**<br>[F.R.C.P. 38(b)] |

Complaint Filed: August 24, 2007
Trial Date: None Set

Defendant 7-Eleven, Inc. ("Defendant") answers the Complaint (the "Complaint") of plaintiff Connie Arnold ("Plaintiff") as follows:

1. In response to paragraph 1 of the Complaint, Defendant is without knowledge or sufficient information to form a belief as to the truth that Plaintiff

currently is "physically disabled," as defined by all applicable California and United States laws, and on that basis Defendant denies this allegation.

2. In response to paragraph 2 of the Complaint, Defendant admits that the 7-Eleven ("Store") is located at 615 South Rengstorff, Mountain View, California 94040. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations in paragraph 2.

3. In response to paragraph 3 of the Complaint, Defendant admits that this Court currently has jurisdiction pursuant to 28 U.S.C.§§ 1331. Defendant also admits that Plaintiff may be authorized to make her claims under California Government Code §4450, *et. seq.*, Health & Safety Code §19955 and §19959, Title 24 California Code of Regulations; and California Civil Code §§54, 54.1, and 55.

4. In response to paragraph 4 of the Complaint, Defendant admits venue is proper.

5. In response to paragraph 5 of the Complaint, Defendant denies that this case should be assigned to San Francisco intradistrict.

6. In response to paragraph 6 of the Complaint, Defendant admits that 7-Eleven, operates, or leases the Store. Defendant further admits that the Store is a public accommodation or facility. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations in paragraph 6.

7. In response to paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

8. In response to paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

///

9. In response to paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

10. In response to paragraph 10 of the Complaint, Defendant states that §§19955ff Heath & Safety Code and Title 24, California Code of Regulations speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations in paragraph 10.

11. In response to paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

12. In response to paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

13. In response to paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

14. In response to paragraph 14 of the Complaint, Defendant denies this allegation.

15. In response to paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

///

///

1    16.    In response to paragraph 16 of the Complaint, Defendant states that §§19955ff Heath & Safety Code speaks for itself. Defendant denies the remaining allegations in paragraph 16.

17.    In response to paragraph 17 of the Complaint, Defendant denies this allegation.

18.    In response to paragraph 18 of the Complaint, Defendant denies this allegation.

19.    In response to paragraph 19 of the Complaint, Defendant denies this allegation.

20.    In response to paragraph 20 of the Complaint, Defendant denies this allegation.

21.    In response to paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were unrelated to her alleged disability, and on that basis, deny this allegation.

22.    In response to paragraph 22 of the Complaint, Defendant incorporates the responses contained in paragraphs 1 through 21 of this Answer.

23.    In response to paragraph 23 of the Complaint, Defendant states that 42 USC §12101 speaks for itself.

24.    In response to paragraph 24 of the Complaint, Defendant states that 42 USC §12101(b) speaks for itself.

25.    In response to paragraph 25 of the Complaint, Defendant states that 42 USC §12181ff speaks for itself.

26.    In response to paragraph 26 of the Complaint, Defendant states that 42 USC §12182 speaks for itself.

27.    In response to paragraph 27 of the Complaint, Defendant denies this allegation.

///

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

SEV02-23:311218_1:9-19-07    - 4 -
ANSWER TO COMPLAINT BY DEFENDANT 7-ELEVEN, INC.

28. In response to paragraph 28 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

29. In response to paragraph 29 of the Complaint, Defendant denies this allegation.

30. In response to paragraph 30 of the Complaint, Defendant denies this allegation.

31. In response to paragraph 31 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Defendant asserts that California's Title 24 does not apply to this answering Defendant because the facility was built and/or modified prior to the date the Title 24 was enacted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Defendant asserts that Plaintiff has acted with "unclean hands" and such actions are directly related to the claims by Plaintiff in the Complaint and precludes Plaintiff from pursuing the claims in the Complaint. Therefore, Plaintiff is barred from seeking relief by the Doctrine of Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Defendant asserts that at all times mentioned in the Complaint, the Plaintiff so carelessly, recklessly and negligently conducted and maintained himself so as to cause and contribute in some way to the damages, if any,

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

SEV02-23:311218_1:9-19-07
- 5 -
ANSWER TO COMPLAINT BY DEFENDANT 7-ELEVEN, INC.

alleged to have been sustained by Plaintiff. Therefore, Plaintiff's recovery herein as to any damage and injuries suffered by Plaintiff, if any, shall be diminished to the extent that such injury or damages were proximately caused by the negligence or intentional conduct of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth herein, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action as against Defendant for the reason that the same appears to be barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth therein, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth therein, this answering Defendant alleges that in the event this answering Defendant is found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), this answering Defendant's liability for non-economic damages is to be reduced to reflect its actual percentage of fault, and a separate judgment shall be rendered against the answering Defendant for that amount.

/ / /

/ / /

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh and separate affirmative defense to the Complaint filed herein, and to each alleged cause of action set forth therein, this answering Defendant alleges that the damages, injuries or condition which form the basis for this lawsuit, may be the result of a natural disease or condition, or may be the expected result of reasonable treatment, and that the answering Defendant is not liable to plaintiff for such damages, injuries or condition.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, the answering Defendant believes and based upon such information and belief alleges that Plaintiff has failed to give any notice to Defendant, prior to filing suit, that he considered Defendant's premises to be out of compliance with State and Federal law. Therefore, her Complaint is barred.

## NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, the Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for Violations of the Health and Safety Code, including, but not limited to §§ 19955, 19953, 19959 or Government Code § 4450.

## TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, this answering Defendant believes and based upon such information alleges that Plaintiff is estopped from seeking the relief herein due to her own acts and/or omissions with reference to the subject matter of the Complaint.

///
///
///
///

## ELEVENTH AFFIRMATIVE DEFENSE

As a eleventh affirmative defense, this answering Defendant believes and based upon such information and belief alleges that Plaintiff was not deterred from visiting Defendant's Store.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for Violation of the Americans with Disabilities Act of 1990 (49 USC §12101, et seq.).

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for Violation of the California Civil Code, including, but not limited to §§51 and 54.

## FOURTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the modification of such barriers is not readily achievable.

## FIFTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Defendant offered reasonable accommodations to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is structurally impractical.

CALL, JENSEN & FERRELL
A PROFESSIONAL CORPORATION

SEV02-23:311218_1:9-19-07                    - 8 -
ANSWER TO COMPLAINT BY DEFENDANT 7-ELEVEN, INC.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is technically infeasible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is virtually impossible.

### NINETEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers would result in an undue burden on Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because all architectural barriers alleged by Plaintiff do not exist and/or fall within "conventional building industry tolerances" or "dimensional tolerances."

### TWENTY-FIRST AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Defendant provided equivalent facilitation at the premises.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Defendant's compliance with state and federal disabled access laws would constitute a direct threat to health and safety of others.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Plaintiff assumed the risk of visiting Defendant's premises.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because any discrimination Plaintiff suffered at Defendant's premises (which supposition is denied and merely stated for the purpose of this additional defense) resulted from isolated or temporary (or both) interruptions in the Store's goods and services.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Plaintiff failed to request reasonable accommodations or modifications to Defendant's premises.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because they are unconstitutional.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiff's causes of action are barred because Plaintiff suffered no damages as a result of the alleged conduct.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

All of Plaintiff's causes of action are barred because Plaintiff lacks standing to seek relief for any of her claims.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available.

Defendant reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional, unknown or unstated affirmative defenses would be applicable.

WHEREFORE, this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint;
2. That Judgment be rendered in favor of Defendant 7-Eleven, Inc against Plaintiff and that the Complaint be dismissed with prejudice;
3. That Defendant be awarded its costs of suit incurred in the defense of this action;
4. That Defendant be awarded its attorneys' fees of suit incurred in the defense of this action; and
5. For such other relief as the Court deems proper.

## DEMAND FOR JURY

Defendant 7-Eleven, Inc. hereby demands a jury pursuant to FRCP 38(b) on all issues raised in the Complaint of Plaintiff Connie Arnold.

Dated: September 17, 2007

CALL, JENSEN & FERRELL
A Professional Corporation
SCOTT J. FERRELL
JULIE R. TROTTER
RYAN M. McNAMARA

By: _____
JULIE R. TROTTER
Attorneys for Defendant 7-Eleven, Inc.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

SEV02-23:311218_1:9-19-07

- 11 -

ANSWER TO COMPLAINT BY DEFENDANT 7-ELEVEN, INC.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On September 19, 2007, I served the foregoing document described as **ANSWER TO COMPLAINT BY DEFENDANT 7-ELEVEN, INC. - DEMAND FOR JURY [F.R.C.P. 38(b)]** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

[ X ] (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FEDEX) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ] (BY E-MAIL) I transmitted a copy of the foregoing document)(s) by e-mail to the addressee(s).

[ ] (BY ELECTRONIC TRANSMISSION) I served electronically from the electronic notification address of _____ the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein. The electronic transmission was reported as complete and without error.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

[ X ] (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 19, 2007, at Newport Beach, California.

_____
Janelle Weissgerber

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

## SERVICE LIST

Sidney J. Cohen, Esq.  **Attorneys for Plaintiff**
Sidney J. Cohen Professional Corporation  **Connie Arnold**
427 Grand Avenue
Oakland, CA 94610
Tel: (510) 893-6682

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION