Martin F. Triano, SBN 098272
Mark D. Byrne, Esq. SBN 109268
LAW OFFICES OF MARTIN F. TRIANO
25 Jessie Street 16th Floor
San Francisco, CA 94105
Telephone: (415) 371-8000
Facsimile: (415) 371-8001

Attorneys for Defendant PING SHIU CHOW as
Trustee of the PING SHIU CHOW REVOCABLE TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD<br><br>Plaintiff,<br>v.<br><br>7-ELEVEN, INC; PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST; and DOES 1-25, Inclusive<br><br>Defendants | Case Number: C07-04390<br>Civil Rights<br><br>**ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW as TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST**<br><br>**DEMAND FOR JURY TRIAL**<br>[F.R.C.P. 38(b)]<br><br>Complaint Filed: August 24, 2007<br>Trial Date:     None Set |

Defendant PING SHIU CHOW as TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST ("Defendant") answers the Complaint ("the Complaint") of Plaintiff Connie Arnold ("Plaintiff") as follows:

1. In response to paragraph 1 of the Complaint, Defendant is without knowledge or sufficient information to form a belief as to the truth that Plaintiff is "currently disabled" as defined by all applicable California and United States laws, and on that basis Defendant denies this allegation.

////

Law Offices of
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

1

2. In response to paragraph 2 of the Complaint, Defendant admits that the 7-Eleven ("Store") is located at 615 South Rengstorff, Mountain View, California 94040. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations in paragraph 2.

3. In response to paragraph 3 of the Complaint, Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. §§1331. Defendant also admits that Plaintiff may be authorized to make her claims under California Government Code §4450, *et seq.*, Health & Safety Code §19955 and §19959, Title 24 California Code of Regulations; and California Civil Code §§54, 54.1 and §55.

4. In response to paragraph 4 of the Complaint, Defendant admits venue is proper.

5. In response to paragraph 5 of the Complaint, Defendant denies that this case should be assigned to San Francisco intradistrict.

6. In response to paragraph 6 of the Complaint, Defendant admits that 7-Eleven operates or leases the Store. Defendant further admits that the Store is a public accommodation or facility. Defendant further admits that the facility has, since July 1, 1970, undergone "alterations, structural repairs, or additions" subjecting such building and common areas to disabled access requirements per §19955 *et seq.*, of the Health & Safety Code.

7. In response to paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

8. In response to paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

9. In response to paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

10. In response to paragraph 10 of the Complaint, Defendant states that §§19955ff Health & Safety Code and Title 24, California Code of Regulations speak for themselves. Defendant is

Law Offices of
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

Law Offices of
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations in paragraph 10. Defendant is without knowledge or information sufficient to form a belief as to the truth of when the alleged alterations were carried out and, on that basis denies the remaining allegations in paragraph 10.

11. In response to paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

12. In response to paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

13. In response to paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

14. In response to paragraph 14 of the Complaint, Defendant denies this allegation.

15. In response to paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

16. In response to paragraph 16 of the Complaint, Defendant states that §19955ff Health & Safety Code speaks for itself. Defendant denies the remaining allegations in paragraph 16.

17. In response to paragraph 17 of the Complaint, Defendant denies this allegation.

18. In response to paragraph 18 of the Complaint, Defendant denies this allegation.

19. In response to paragraph 19 of the Complaint, Defendant denies this allegation.

20. In response to paragraph 20 of the Complaint, Defendant denies this allegation.

21. In response to paragraph 21 of the Complaint, Defendant is without knowledge or

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

3

information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, deny this allegation.

22. In response to paragraph 22 of the Complaint, Defendant incorporates the responses contained in paragraphs 1 through 21 of this Answer.

23. In response to paragraph 23 of the Complaint, Defendant states that 42 U.S.C. §12101 speaks for itself.

24. In response to paragraph 24 of this Complaint, Defendant states that 42 U.S.C. §12101(b) speaks for itself.

25. In response to paragraph 25 of the Complaint, Defendant states that 42 U.S.C. §12181ff speaks for itself.

26. In response to paragraph 26 of the Complaint, Defendant states that 42 U.S.C. §12182 speaks for itself.

27. In response to paragraph 27 of the Complaint, Defendant denies this allegation.

28. In response to paragraph 28 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that alterations, structural repairs of additions since January 1, 1993 have independently triggered requirements for removal of barriers to access for disabled persons.

29. In response to paragraph 29 of the Complaint, Defendant denies this allegation.

30. In response to paragraph 30 of the Complaint, Defendant denies this allegation.

31. In response to paragraph 31 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Store or encountered barriers at the Store that were related to her alleged disability, and on that basis, denies this allegation.

////

Law Offices of
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

4

## FIRST AFFIRMATIVE DEFENSE

As a First Affirmative Defense, Defendant asserts that California's Title 24 does not apply to this answering Defendant because the facility was built and/or modified prior to the date Title 24 was enacted.

## SECOND AFFIRMATIVE DEFENSE

As a Second Affirmative Defense, Defendant asserts that Plaintiff has acted with "unclean hands" and such actions are directly related to the claims by Plaintiff in the Complaint and precludes Plaintiff from pursuing the claims in the Complaint. Therefore, Plaintiff is barred from seeking relief by the Doctrine of Unclean Hands.

## THIRD AFFIRMATIVE DEFENSE

As a Third Affirmative Defense, Defendant asserts that at all times mentioned in the Complaint, the Plaintiff so carelessly, negligently and recklessly conducted and maintained herself so as to cause and contribute in some way to the damages, if any, alleged to have been sustained by Plaintiff. Therefore, Plaintiff's recovery herein as to any damage and injuries suffered by Plaintiff, if any, shall be reduced to the extent that such injury or damages were proximately caused by the negligence or intentional conduct of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

As a Fourth and separate Affirmative Defense to the Complaint filed herein, and to each alleged cause of action set forth herein, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action as against Defendant for the reason that the same appears to be barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

As a Fifth and separate Affirmative Defense to the Complaint filed herein, and to each alleged cause of action set forth therein, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory.

## SIXTH AFFIRMATIVE DEFENSE

As a Sixth and separate Affirmative Defense to the Complaint filed herein, and to each alleged cause of action set forth herein, this answering Defendant alleges that in the event this

Law Offices of
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

answering Defendant is found to be negligent (which supposition is denied and merely stated for the purpose of this Affirmative Defense), this answering Defendant's liability for non-economic damages is to be reduced to reflect it actual percentage of fault, and a separate judgment shall be rendered against the answering Defendant for that amount.

### SEVENTH AFFIRMATIVE DEFENSE

As a Seventh and separate Affirmative Defense to the Complaint filed herein, and to each alleged cause of action set forth therein, this answering Defendant alleges that the damages, injuries or condition which form the basis for this lawsuit, may be the result of a natural disease or condition, or may be the expected result of reasonable treatment, and that the answering Defendant is not liable to Plaintiff for such damages.

### EIGHTH AFFIRMATIVE DEFENSE

As an Eighth Affirmative Defense, the answering Defendant believes and, based upon such information and belief, alleges that Plaintiff has failed to give any notice to Defendant prior to filing suit, which she considers Defendant's premises to be out of compliance with State and Federal law. Therefore, her Complaint is barred.

### NINTH AFFIRMATIVE DEFENSE

As a Ninth Affirmative Defense, the Complaint and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for Violations of the Health & Safety Code, including but not limited to, §§19955, 19953, 19959 or, Government Code §4450.

### TENTH AFFIRMATIVE DEFENSE

As a Tenth Affirmative Defense, this answering Defendant believes, and based upon such information and belief, alleges that Plaintiff is estopped from seeking the relief herein due to her own acts/omissions with reference to the subject matter of the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

As an Eleventh Affirmative Defense, this answering Defendant believes, and based upon such information and belief, alleges that Plaintiff was not deterred from visiting Defendant's Premises.

////

Law Offices of
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

6

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for Violation of the Americans with Disabilities Act of 1990 (49 U.S.C. §12101, *et seq.*)

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for Violation of the California Civil Code, including but not limited to §§51 and 54.

### FOURTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional Defense,) the modification of such barriers is not readily achievable.

### FIFTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Defendant offered reasonable accommodations to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional Defense), the removal of such barriers is structurally impractical.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional Defense), the removal of such barriers is technically not feasible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional Defense), the removal of such barriers is virtually impossible.

////

Law Offices of
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

7

### NINETEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional Defense) the removal of such barriers would result in an undue burden on Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because all architectural barriers alleged by Plaintiff do not exist and/or fall within 'conventional building industry tolerances' or 'dimensional tolerances'.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Defendant provided equivalent facilitation at the premises.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Defendant's compliance with state and federal disabled access laws would constitute a direct threat to health and safety to others.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Plaintiff assumed the risk of visiting Defendant's premises.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because any discrimination Plaintiff suffered at Defendant's premises (which supposition is denied and merely stated for the purpose of this additional Defense) resulted from isolated or temporary (or both) interruptions in the Store's goods and services.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Plaintiff failed to request reasonable accommodations or modifications to Defendant's premises.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

All of Plaintiff's causes of action are barred because they are unconstitutional.

////

Law Offices of
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

8

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiff's causes of action are barred because Plaintiff suffered no damages as a result of the alleged conduct.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

All of Plaintiff's causes of action are barred because Plaintiff lacks standing to seek relief for any of her claims.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred because Plaintiff has delayed too long in bringing this Complaint against Defendant who is substantially prejudiced by the delay.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available.

Defendant reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional, unknown, or unstated affirmative defenses would be applicable.

WHEREFORE, this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint;
2. That Judgment be rendered in favor of Defendant PING SHIU CHOW as TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST against Plaintiff and that the Complaint be dismissed with prejudice;
3. That Defendant be awarded its costs of suit incurred in the defense of this action;
4. That Defendant be awarded its attorneys' fees of suit incurred in the defense of this action; and
5. For such other relief as the Court deems proper.

////
////
////
////

Law Offices of
TRIANO & BYRNE
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

9

Law Offices of
**TRIANO & BYRNE**
25 Jessie Street 16th Floor
San Francisco, CA 94105
Tel. 415-371-8000
Fax 415-371-8001

## DEMAND FOR JURY

Defendant PING SHIU CHOW as TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST hereby demands a jury pursuant to FRCP §38(b) on all issues raised in the Complaint of Plaintiff Connie Arnold.

DATED: 11/7/07

THE LAW OFFICE OF TRIANO & BYRNE

By: _____
MARK D. BYRNE, ESQ.
Attorney for Defendant Ping Shiu Chow
as Trustee of the Ping Shiu Chow Revocable
Trust.

ANSWER TO COMPLAINT BY DEFENDANT PING SHIU CHOW AS TRUSTEE OF THE PING SHIU CHOW REVOCABLE TRUST

10